NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE ESTATE OF LORRAINE M. KELLEY, et al.,<br><br>Defendants. | Civil Action No. 17-0965-BRM-DEA<br><br>OPINION |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* Defendant Rose A. Saloom's Motion to Dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 7, 9.)[1] Plaintiff United States of America ("Plaintiff") opposes the motion. (ECF No. 10.) Pursuant to Federal Rule of Civil Procedure 78(b), the Court heard did not hear oral argument. For the reasons set forth below, Ms. Saloom's Motion to Dismiss is **DENIED.**

**I.　BACKGROUND**

For the purpose of this Motion to Dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

---

[1] On April 27, 2017, Ms. Saloom filed a Notice of Motion to Dismiss and a handwritten brief. (ECF No. 9.) On May 5, 2017, she filed another response to the Complaint docketed as an "Answer," where she "ask[s] that the court please dismiss all charges" against her "and that no judgment be filed against" her. (ECF No. 7 at 4.) The Court construes both responses as a joint Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

1

This case arises out of Ms. Saloon's alleged distribution of assets from the Estate of Richard Saloom ("the Saloom Estate"). The following is a brief description of the parties. Lorraine M. Kelley died on December 20, 2003, leaving behind the Kelley Estate. (*Id.* ¶ 4.) Richard Saloom was Kelley's brother and was a co-executor of Kelley's estate. (*Id.* ¶ 6.) Mr. Saloom died on March 21, 2008, leaving behind the Saloom Estate. (*Id.*) Richard J. Lecky is also a co-executor of the Kelley Estate. (*Id.* ¶ 7.) Ms. Saloom is Mr. Saloom's daughter and the executrix of the Saloom Estate. (*Id.* ¶ 8.) "Ms. Saloom is named as a defendant to this action individually and as a representative of the [Kelley Estate] and the [Saloom Estate]." (*Id.* ¶ 9.)

On September 23, 2004, the IRS received a Form 706 (United States Estate Tax Return) signed by Mr. Saloom and Lecky as the co-executors of the Kelley Estate. (*Id.* ¶ 11.) The Form 706 reported: (1) a total estate valued of $1,773,111; (2) that Mr. Saloom was the beneficiary of the entire estate, other than $6,000 of charitable bequests; and (3) a total federal estate tax liability of $214,412 and included a payment of that amount with the tax return. (*Id.* ¶¶ 12-14.)

On October 28, 2004, the IRS "opened an examination of the Form 706 of the Kelley Estate." (*Id.* ¶ 15.) On June 27, 2006, Mr. Saloom "signed Form 890 agreeing to an assessment of an additional estate tax liability of $448,367." (*Id.* ¶ 16.) On August 7, 2006, the Secretary of Treasury made an assessment against the Kelley Estate for the unpaid estate tax liability of $448,367. (*Id.* ¶ 19.) The Secretary of the Treasury gave notice of the estate tax assessment and made a demand for payment of the assessment. (*Id.* ¶ 20.) Nonetheless, the Kelley Estate failed to fully pay the assessment. (*Id.* ¶ 21.) Statutory penalties and interest accrued on the estate tax liability, and as of February 13, 2017, the Kelley Estate had an outstanding federal estate tax liability of $610,025. (*Id.* ¶ 23.) "The Kelley Estate reported assets of over $1.7 million." (*Id.* ¶ 25.)

Mr. Saloom served as an executor of the Kelley Estate and distributed assets from it prior to paying the federal liability of such estate. (*Id.* ¶¶ 24-35.) Ms. Saloom served as the executor of the Saloom Estate and distributed assets to herself also prior to paying the unpaid taxes owed in the Kelley Estate. (*Id.* ¶¶ 36-45.)

On February 10, 2017, Plaintiff filed the Complaint in this matter. (ECF No. 1.) Plaintiff, at the request of the Chief Counsel of the Internal Revenue Service (the "IRS"), a delegate of the Secretary of the Treasury (the "Secretary of the Treasury"), and at the direction of the Attorney General of the United States pursuant to 26 U.S.C. § 7401, seeks to:

> (1) reduce a federal estate tax assessment to judgment against the Estate of Lorraine M. Kelley ("Kelley Estate"); (2) obtain a judgment against the Estate of Richard Saloom ("Saloom Estate") for transferee liability under 26 U.S.C. § 6324(a)(2) with respect to property transferred to Richard Saloom from the Kelley Estate; (3) obtain a judgment against the Estate of Richard Saloom for fiduciary liability under 31 U.S.C. § 3713(b) because Richard Saloom distributed assets from the Saloom Estate before paying the federal liability of such estate; and (5) obtained a judgment against Rose A. Saloom for transferee liability under the New Jersey Uniform Fraudulent Transfer Act, N.J.S.A. §§ 25:2-25, 25:2-27 with respect to property transferred to Rose A. Saloom from the Saloom Estate.

(*Id.* at 1-2.) Ms. Saloom filed two responses to the Complaint (ECF Nos. 7, 9), which this Court construes as a joint Motion to Dismiss. Plaintiff opposes the Motion. (ECF No. 10.)

**II.   LEGAL STANDARD**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DECISION

Ms. Saloom has moved to dismiss Plaintiff's claims against her under 31 § U.S.C. 3713 and the New Jersey Uniform Fraudulent Transfer Act, N.J.S.A. § 25:2-25, arguing "at no time did [she] do anything to hinder, stall or delay paying the taxes" and "at no point did [she] fraudulently transfer any property to defraud [Plaintiff]." (ECF No. 9 at 6.) In essence, her Motion recounts the circumstances surrounding the allegations in the Complaint and her interactions with various IRS employees. (*See* ECF Nos. 7, 9.) Plaintiff argues Ms. Saloom's Motion should be denied because she has not carried her burden of showing the Plaintiff has failed to state a legal claim and instead sets forth factual disputes. (ECF No. 10 at 2-3.)

"On a Rule 12(b)(6) motion to dismiss for failure to state a claim, [the defendant] 'bears the burden of showing that no claim has been presented.'" *Cooper v. All. Oral Surgery, LLC*, No. 13-01126, 2013 WL 4447011, at *2 (D.N.J. Aug. 16, 2013) (quoting *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005)); *see Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000) *holding modified by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003) ("The defendant bears the burden of showing no claim has been stated.") The pleading requirements of the Federal Rules of Civil Procedure "are based on notice pleading rather than fact pleading." *Universe Tankships, Inc. v. United States*, 528 F.2d 73, 75 (3d Cir. 1975). "It is well-settled that a plaintiff need not plead evidence, and a simple statement of the claim is sufficient to put a defendant on notice of the nature of the claims." *Christie v. Pub. Serv. Elec. & Gas Co.*, No. 04-5978, 2006 WL 462588, at *9 (D.N.J. Feb. 24, 2006) (citing *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 446 (3d Cir. 1977) (finding a plaintiff need not plead evidence, and need not plead the facts that serve as the basis for the claim)); *see also Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (holding that a

"complaint will be deemed to have alleged sufficient facts if it adequately puts the defendants on notice of the essential elements of the plaintiffs' cause of action").

Ms. Saloom's arguments are premised on factual, as opposed to legal, deficiencies in the Complaint. "The burden of persuasion on a Rule 12(b)(6) motion to dismiss is a heavy one, and factual deficiencies such as those cited by [Ms. Saloom] are not sufficient to justify dismissal of a claim before discovery has commenced." *Christie*, 2006 WL 462588, at *9. Because Ms. Saloom's Motion is solely premised on factual deficiencies, her Motion is **DENIED**. *See Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980) (reaffirming that in a 12(b)(6) motion to dismiss the burden is on the moving party); *see also Christie*, 2006 WL 462588, at *9 (concluding factual deficiencies are not sufficient to justify a dismissal of a claim).

## IV. CONCLUSION

For the reasons set forth above, Ms. Saloom's Motion to Dismiss is **DENIED**. Ms. Saloom is directed to answer Plaintiff's Complaint by no later than December 15, 2017.


Date: November 28, 2017                    */s/ Brian R. Martinotti*
                                           **HON. BRIAN R. MARTINOTTI**
                                           **UNITED STATES DISTRICT JUDGE**